J-S74012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| BRAHEEM HAYWARD | |
| Appellant | No. 726 EDA 2016 |

Appeal from the PCRA Order February 5, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008972-2008

BEFORE:  OTT, J., RANSOM, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:               **FILED OCTOBER 12, 2016**

Appellant appeals from the order entered in the Court of Common Pleas of Philadelphia County dismissing his "Motion for a New Trial Based Upon After-Discovered Evidence; Alternatively, for Post Conviction Collateral Relief; or Alternatively, for a Writ of Habeas Corpus," which the lower court treated as a first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Appellant's court-appointed PCRA counsel has filed a petition to withdraw his representation, along with a

_____

[*] Former Justice specially assigned to the Superior Court.

*Turner/Finley* "no-merit" letter.[1]  We grant counsel's petition to withdraw his representation and affirm the PCRA court's order.

The relevant facts and procedural history are as follows: On March 4, 2009, following a bench trial, Appellant was convicted of possession with the intent to deliver a controlled substance ("PWID"), possession of a controlled substance, and possession of marijuana.[2]  On February 2, 2010, the trial court sentenced Appellant to one year to two years in prison for PWID.  The trial court imposed no further penalty for the remaining convictions. Appellant filed neither post-sentence motions nor a direct appeal.

On September 26, 2014, Appellant, who was represented by the Public Defender's Office, filed a counseled "Motion for a New Trial Based Upon After-Discovered Evidence; Alternatively, for Post Conviction Collateral Relief; or Alternatively, for a Writ of Habeas Corpus."  Therein, Appellant contended he was entitled to a new trial on the basis that five or six "critical police officers" involved in Appellant's case were indicted by the federal government on July 30, 2014, and charged with various crimes.

The lower court treated Appellant's petition under the auspices of the PCRA and issued notice of its intent to dismiss the petition without an evidentiary hearing.  Appellant did not respond, and by order entered on

---

[1] *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[2] 35 P.S. §§ 780-113(a)(30), (a)(16), and (a)(31), respectively.

February 5, 2016, the PCRA court dismissed Appellant's petition. This timely, counseled appeal followed. Thereafter, the PCRA court permitted the Public Defender's Office to withdraw from Appellant's case, but appointed new counsel, John Belli, Esquire, to represent Appellant on appeal. The PCRA court directed Appellant to file a Pa.R.A.P. 1925(b) statement, and Attorney Belli filed a statement noting his intent to seek to withdraw on appeal. Attorney Belli additionally noted that Appellant requested he raise the following issue:

> The PCRA court erred by denying [Appellant] a hearing and PCRA relief on his claim alleging that he was entitled to a new trial on account of newly-discovered evidence predicated on the arrest of officers for crimes including the fabrication of evidence who were possibly responsible for [Appellant's] arrest and conviction.

Appellant's Pa.R.A.P. 1925(b) statement, filed 4/12/16.

The PCRA court filed a Pa.R.A.P. 1925(a) opinion indicating that it dismissed Appellant's petition on the basis that, because Appellant was no longer serving a sentence of imprisonment, probation, or parole for the instant crimes, he was not entitled to relief under the PCRA. Thereafter, on May 2, 2016, Attorney Belli filed in this Court a petition seeking to withdraw his representation, along with a *Turner/Finley* "no-merit" letter.

At the outset, we conclude the PCRA court properly treated Appellant's instant petition under the auspices of the PCRA. The PCRA provides: "The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory

- 3 -

remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus[.]" 42 Pa.C.S.A. § 9542. Thus, where a petitioner's claim is cognizable under the PCRA, regardless of the title given to the petition, the Court must analyze the petition under the auspices of the PCRA. *Commonwealth v. Taylor*, 65 A.3d 462, 465-55 (Pa.Super. 2013).

In his instant petition, Appellant sought a new trial based on alleged after-discovered evidence of police misconduct. This claim falls under the auspices of the PCRA. 42 Pa.C.S.A. § 9543(a)(2)(vi); Pa.R.Crim.P. 720 *cmt.* (stating that "after-discovered evidence discovered after completion of the direct appeal process should be raised in the context of the PCRA[ ]"). Accordingly, the PCRA court properly treated Appellant's "Motion for a New Trial Based Upon After-Discovered Evidence; Alternatively, for Post Conviction Collateral Relief; or Alternatively, for a Writ of Habeas Corpus" as a PCRA petition.

With regard to petitions filed under the PCRA, "[o]ur standard of review of the denial of PCRA relief is clear; we are limited to determining whether the PCRA court's findings are supported by the record and without legal error." *Commonwealth v. Wojtaszek*, 951 A.2d 1169, 1170 (Pa.Super. 2008) (quotation and quotation marks omitted).

Before we proceed to review the merits of the issue presented in PCRA counsel's *Turner/Finley* brief, we must determine whether counsel has satisfied certain procedural requirements to withdraw his representation.

> Counsel petitioning to withdraw from PCRA representation...must review the case zealously. [PCRA] counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> Where counsel submits a petition and "no-merit" letter that...satisfy the technical demands of ***Turner/Finley***, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

***Commonwealth v. Walters***, 135 A.3d 589, 591 (Pa.Super. 2016) (quotations omitted).

Instantly, we determine that PCRA counsel has complied with the procedural requirements of ***Turner/Finley***. Specifically, PCRA counsel's "no-merit" letter and petition to withdraw detail the nature and extent of PCRA counsel's review, address the claim raised in Appellant's PCRA petition, and determine that the issue lacks merit and is frivolous since Appellant, who has completed his sentence, is not eligible for relief. PCRA counsel indicated that, after his own independent review of the record, he could not identify any meritorious issues that he could raise on Appellant's behalf to overcome his statutory ineligibility. Counsel also provided this Court with proof that he sent Appellant his petition to withdraw, along with his

- 5 -

*Turner/Finley* "no-merit" letter, and instructed him that he had the right to retain private counsel or proceed *pro se*.[3] As counsel has complied with the *Turner/Finley* requirements to withdraw his representation, we must now determine whether the PCRA court correctly dismissed Appellant's PCRA petition on the basis that he was ineligible for relief.

"Eligibility for relief under the PCRA is dependent upon the petitioner [pleading and proving by a preponderance of the evidence that he is] currently serving a sentence of imprisonment, probation, or parole for a crime." *Commonwealth v. Turner*, 622 Pa. 318, 80 A.3d 754, 761–62 (2013). *See* 42 Pa.C.S.A. § 9543(a)(1)(i). As our Supreme Court has explained, as soon as his sentence is completed, a PCRA petitioner becomes ineligible for relief. *Commonwealth v. Ahlborn*, 548 Pa. 544, 699 A.2d 718, 720 (1997).

In the case *sub judice*, Appellant was sentenced on February 1, 2010, to one to two years in prison, and he completed his sentence on January 31, 2012. Accordingly, when Appellant filed his current petition on September 26, 2014, he was not "serving a sentence of imprisonment, probation, or parole" for the crimes at issue; and thus, the PCRA court properly ruled that Appellant could not obtain relief under the PCRA. Therefore, we affirm the

---

[3] Appellant has filed no response.

PCRA court's order dismissing Appellant's petition, and we grant court-appointed counsel's petition to withdraw his representation.

Petition to Withdraw Granted; Order Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/12/2016